No. 93-481

IN THE SUPREME COURT OF THE STATE OF MONTANA

1994

STATE OF MONTANA,

     Plaintiff and Respondent,

-vs-

JOHN BERNARD BENSON,

     Defendant and Appellant.

APPEAL FROM:   District Court of the Fourteenth Judicial District,
In and for the County of Musselshell,
The Honorable Roy C. Rodeghiero, Judge presiding.

COUNSEL OF RECORD:

     For Appellant:

          William Hooks, Appellate Defender, Helena,
Montana

     For Respondent:

          Hon. Joseph P. Mazurek, Attorney General,
Jennifer Anders, Assistant Attorney General,
Helena, Montana

          Vicki Knudsen, Musselshell County Attorney,
Roundup, Montana

FILED

Filed:   SEP 15 1994

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

Submitted on Briefs:  August 11, 1994

Decided: September 15, 1994

Clerk

Justice John Conway Harrison delivered the Opinion of the Court.

John Bernard Benson (Benson) appeals his conviction in the District Court of the Fourteenth Judicial District, Musselshell County, of the offense of burglary. We reverse.

Sometime between 2 a.m. and 5 a.m. the morning of January 23, 1993, the Melstone Bar and Cafe in Melstone, Montana, was burglarized. The owners of the establishment reported that money, lottery tickets, liquor, food, and tobacco products were stolen. Deputy Floyd Fisher (Deputy Fisher), the investigating officer, found no apparent signs of forced entry.

After receiving an anonymous tip on January 24 that some of the missing liquor might be found in B.J. Murnion's (Murnion) father's garage, Deputy Fisher proceeded to Murnion's residence. Deputy Fisher obtained Murnion's father's consent to search his garage and Murnion's consent to search his trailer. Deputy Fisher seized several items, including alcoholic beverages, cigarettes, and plastic wrap and wax paper believed to be used in the Melstone Bar and Cafe for food preparation. Murnion told Deputy Fisher that Benson and two others had brought the alcoholic beverages to Murnion's trailer on the night of January 22.

After seizing the items at Murnion's place, Deputy Fisher proceeded to Benson's residence. After obtaining Benson's consent to search his trailer, Deputy Fisher seized several items, including alcoholic beverages, tobacco products, and lottery tickets stamped "Melstone Bar and Cafe."

The Musselshell County Attorney filed an information charging

2

Benson with the crime of burglary, a felony. A jury trial was held from May 24, 1993 through May 28, 1993. At the close of the State's case, Benson moved for a directed verdict. The District Court denied this motion. Following the trial, Benson was found guilty, and received a three-year deferred sentence with several conditions.

Benson raises only one issue on appeal: whether the District Court erred by failing to grant his motion for directed verdict.

The standard of review for a trial court's refusal to grant a defendant's motion for directed verdict is whether, after reviewing the evidence in a light most favorable to the prosecutor, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. State v. Mummey (Mont. 1994), 871 P.2d 868, 870, 51 St.Rep. 198, 199.

Burglary is defined by statute as follows: "A person commits the offense of burglary if he knowingly enters or remains unlawfully in an occupied structure with the purpose to commit an offense therein." Section 45-6-204(1), MCA. Benson contends that while the State may have shown that someone unlawfully entered the Melstone Bar and Cafe, it did not prove beyond a reasonable doubt that he unlawfully entered.

At trial, evidence was presented to the effect that the owners of the Melstone Bar and Cafe suspected that copies of a key opening their business' door were in the possession of unknown persons in the community. Also, Deputy Fisher testified that he examined some footprints in the snow leading into and out of the building through

3

that same door. No evidence was introduced that Benson had possession of such a key other than testimony that there was a nondescript outline of something in the dust on top of Benson's water heater. The footprints were never compared to any of Benson's footwear. We hold that there is no direct evidence that Benson unlawfully entered the Melstone Bar and Cafe.

The State contends that it sufficiently proved the element of unlawful entry with circumstantial evidence, and that Benson's possession of the stolen lottery tickets and items consistent with some of those stolen from the Melstone Bar and Cafe, combined with the other evidence introduced, is enough to support his conviction. We disagree.

A conviction for burglary may be upheld if possession of stolen property is accompanied by other incriminating circumstances and a false or unreasonable explanation by the accused. State v. Floyd (1990), 243 Mont. 269, 273, 790 P.2d 475, 478; citing State v. Cox (1987), 226 Mont. 111, 114, 733 P.2d 1307, 1309. In Floyd, the defendant was in possession of a gold necklace identified at trial as property stolen from an apartment. Floyd, 790 P.2d at 478. Testimony at trial placed the defendant in the same building as the burglarized apartment on the night of the burglary and demonstrated that he had possession of the necklace during the time frame that the apartment was burglarized. Floyd, 790 P.2d at 476. In addition, the defendant offered a fabricated explanation of his possession of the stolen necklace which was refuted at trial. Floyd, 790 P.2d at 478.

4

In Cox, the defendant was apprehended across the street from a burglarized garage in possession of items stolen from the garage. Cox, 733 P.2d at 1309. The burglary occurred between 10 p.m. and 2 a.m., and the defendant was apprehended at 2 a.m. Cox, 733 P.2d at 1310. The defendant also falsely claimed that stolen items, positively identified by the true owner, were his own and then reached for a gun when confronted by those who detained him. Cox, 733 P.2d at 1309-10.

In the present case, more than twenty-four hours after the burglary, Benson was found in possession of lottery tickets stolen from the Melstone Bar and Cafe. He was also found in possession of other items consistent with, but not identified as, those stolen from the Melstone Bar and Cafe. Benson and two others testified that they were driving around Melstone during the approximate time frame of the burglary. This testimony, considering the size of Melstone, places them near the scene of the burglary. Arguably, this is an additional incriminating circumstance. However, no false or unreasonable explanation necessary to sustain the conviction exists.

Benson explained that the alcoholic beverages found in his trailer were there in anticipation of his upcoming birthday party. This testimony was uncontroverted and it was not unreasonable as an explanation. Benson testified that he did not know anything about the stolen lottery tickets found under his bed. This testimony was also unrebutted and was not proven false. In addition, it was not inherently unreasonable as an explanation considering that other

5

individuals were in Benson's trailer the night of the burglary, and the next day.

Finally, the State failed to show by direct or circumstantial evidence that Benson unlawfully entered the Melstone Bar and Cafe with the purpose to commit an offense. We conclude that, in this case, no rational trier of fact could have found all of the elements of burglary beyond a reasonable doubt. We therefore hold that the District Court erred in denying the motion to dismiss. Reversed and remanded.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

6