No. 94-390

IN THE SUPREME COURT OF THE STATE OF MONTANA

1996

STATE OF MONTANA

       Plaintiff and Respondent,

          v.

RONALD TREIBLE, JR.,

       Defendant and Appellant.

FILED

JAN 18 1996

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the Fourteenth Judicial District,
In and for the County of Musselshell,
The Honorable Roy Rodeghiero, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

         Jock B. West, West, Patten, Bekkedahl & Green,
Billings, Montana

      For Respondent:

         Joseph P. Mazurek, Attorney General, Jennifer
Anders, Assistant Attorney General, Helena, Montana;
John Bohlman, Musselshell County Attorney, Roundup,
Montana

Submitted on Briefs:  October 19, 1995

Decided:  January 18, 1996

Filed:

Clerk

Justice William E. Hunt, Sr. delivered the Opinion of the Court.

On October 5, 1993, Ronald Treible, Jr. was found guilty by a jury of felony theft in the Fourteenth Judicial District Court, Musselshell County and was sentenced to two years deferred. Defendant appeals his conviction.

We affirm.

The sole issue on appeal is whether, following the completion of the trial, the District Court erred in denying defendant's motion for a directed verdict for failure to prove elements of felony theft.

## FACTS

On January 23, 1993, the owners of the Melstone Bar and Cafe, Melvin and Judy Metzger, called the police to report their bar had been broken into and that there were several missing items, including chewing tobacco, cigarettes, hard liquor, **a** bottle of champagne, several cases of beer, five pounds of hamburger, and a bag of shrimp. The day after the break-in Melvin Metzger received an anonymous phone call that a bottle of liquor taken from the Bar could be found at the Murnion shop, a local garage. Mr. Metzger called the information to Deputy Sheriff Fischer, the investigating officer.

Deputy Fischer went to the Murnion shop and asked to look around. While there, he observed a bottle of Crown Royal on the shop bench. Knowing this was one of the items missing from the Bar, the Deputy asked to search the adjoining trailer house. At the time, defendant was renting a room at the Murnion trailer.

2

After searching the Murnion trailer, Fischer seized almost two cases of bottled beer, an empty champagne bottle, unopened cigarettes, a piece of plastic wrap, two pieces of waxed paper, and several empty beer boxes and bottles. Fischer then questioned B.J. Murnion who told Fischer the names of the people who had attended a party in the trailer the previous evening. Fischer contacted these people for statements.

Upon learning that J.B. Benson was one of the people present at the party, Fischer obtained permission to search Benson's trailer. In that search, the Deputy seized chewing tobacco, another bottle of Crown Royal, a fifth of Jim Beam, a bottle of Jack Daniels, close to three cases of beer, forty lottery tickets, cigarettes, and several empty beer bottles and cans.

According to the testimony provided at trial, several people had attended a party at the Murnion trailer on the night of the break-in at the Bar. Sometime after 2:00 a.m., J.B. Benson, Barry DeJaegher and defendant left the party and later returned with several cases of beer.

Following the investigation J.B. Benson, Barry DeJaegher and defendant were charged with burglary of the Melstone Bar and Cafe. A trial was conducted on October 4, 1993. The jury found defendant guilty of felony theft on the basis of a lesser included offense instruction offered by the State.

The sole issue on appeal is whether, following the completion of the trial, the District Court erred in denying defendant's

3

motion for a directed verdict for failure to prove elements of felony theft.

Defendant does not challenge the validity of the lesser included offense instruction on felony theft, but rather challenges the sufficiency of the evidence to sustain the jury's verdict.

The standard of review for a District Court's decision on a motion for a directed verdict is the same standard that applies to a decision on a motion to dismiss due to insufficient evidence. State v. Downing (1989), 240 Mont. 215, 217, 783 P.2d 412, 414. The motion should only be granted when there is no evidence upon which a trier of fact could render a verdict. State v. Lyons (1992), 254 Mont. 360, 363, 838 P.2d 397, 399.

Felony theft is defined by § 45-6-301, MCA (1993), set forth in part as follows:

> (1) A person commits the offense of theft when the person purposely or knowingly obtains or exerts unauthorized control over property of the owner and:
>     (a) has the purpose of depriving the owner of the property;
> . . .
>     (b) A person convicted of the offense of theft of property exceeding $300 in value or theft of any commonly domesticated hoofed animal shall be fined not to exceed $50,000 or be imprisoned in the state prison for any term not to exceed 10 years, or both.

Defendant contends that this Court reversed the conviction of J.B. Benson, who had also been charged in connection with the break-in at the Melstone Bar. J.B. Benson was convicted of the crime of burglary. We held the State had failed to prove by either direct or circumstantial evidence that J.B. Benson had unlawfully

4

entered the Melstone Bar with the purpose of committing an offense. A conviction of burglary may be upheld if possession of stolen property, accompanied by other incriminating circumstances, and a false or unreasonable explanation by the accused is shown. State v. Benson (1994), 266 Mont. 415, 418, 880 P.2d 1338, 1340.

Because the jury convicted defendant of the crime of felony theft as a lesser included offense of burglary, we need not discuss the elements of burglary. The testimony shows that the defendant had unauthorized control over the property of the Metzgers depriving them of the property.

The defendant rented a room in the Murnion trailer. Defendant testified he was paying rent for the trailer at the time of the robbery, but claims that he did not stay there very much and actually resided with his parents at the family ranch. On the night of the robbery defendant spent some time at the trailer alone prior to the robbery, was there with friends after the robbery and spent the night there.

The evidence showed that items taken from the Bar were found in the Murnion trailer in the common areas used by all of the occupants of the trailer. Stolen merchandise was found in the kitchen, in the refrigerator and in the garbage can. In addition, Deputy Fischer testified that he found four packs of unopened Marlboro cigarettes in the defendant's bedroom in the Murnion trailer.

Judy Metzger identified the plastic wrap found in Murnion's trailer as the wrap used to cover hamburger patties at the Cafe.

5

She also identified the wax paper found in Murnion's trailer as the same kind of paper she used to separate the patties before wrapping them in plastic.

Melvin Metzger identified the bottle of Jim Beam by its handwritten price, and he was also able to identify the handwriting on the Crown Royal box found in the trailer. Metzger further testified that the bottle of champagne seized was the same brand purchased by the Bar for the New Year's party and that the champagne had been taken the night of the crime.

The Metzger's testified that the Bar was broken into between 2:00 and 5:00 a.m. Defendant admits he left the party with J.B. Benson and Barry DeJaegher around 2:00 a.m. to retrieve more beer. When the three returned to the party in the Murnion trailer they were carrying three cases of beer.

We conclude there was sufficient evidence in the record to support the jury finding that the defendant was guilty of felony theft. Circumstantial evidence when sufficient, will support a criminal conviction. State v. Bromgard (1993), 261 Mont. 291, 295, 862 P.2d 1140, 1142. We hold the District Court did not err in denying the defendant's motion for a directed verdict.

Affirmed

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____

_____
                  Justices

Justice James C. Nelson specially concurs.

I agree with the result of our opinion--i.e. that there was sufficient circumstantial evidence to sustain Treible's conviction of felony theft. I write separately, however, out of my concern that any implication be drawn from our opinion that felony theft is, in fact, a lesser included offense of burglary. On appeal Treible did not challenge the status of felony theft as a lesser included offense of burglary, and, accordingly, we have not ruled on that issue. Whether felony theft is a lesser included offense of burglary under § 46-1-202(8), MCA, and under the tests enunciated in the case law remains to be decided in some future case, and our opinion here should not be read as having decided that issue one way or the other.

_____
Justice

Justice W. William Leaphart, dissenting.

I dissent from the Court's opinion and would hold that the District Court erred in denying Treible's motion for a directed verdict. The evidence presented by the State was insufficient to support the conviction. Treible's connection to the stolen property is even more tenuous than co-defendant Benson's connection--which this Court found to be inadequate to support the conviction. State v. Benson (1994), 266 Mont. 415, 880 P.2d 1338.

As the Court points out, the State concedes that there is a lack of direct evidence linking Treible to the stolen property. Although Treible rented a room from Murnion, none of the stolen property was tied to defendant Treible or found to be in his possession or control. The stolen property was found in the Murnion garage, Murnion's trailer, and in Benson's trailer. None of the evidence the Court points to in sustaining Treible's conviction for felony theft was connected to Treible, rather, it was tenuously tied to co-defendants Murnion and Benson. Section 45-6-301, MCA, provides:

> (1) A person commits the offense of theft when the person purposely or knowingly *obtains or* exerts *unauthorized control over property of the owner* and:

> (a) has the purpose of depriving the owner of the property . . [emphasis added].

The State has not proven that Treible obtained or exerted unauthorized control over the property of the owner as required by § *45-6-301,* MCA. In <u>Benson,</u> this Court rejected the State's

9

argument that Benson's *possession* of the stolen lottery tickets and items consistent with others taken from the bar was enough to sustain the conviction for burglary.  Benson, 880 P.2d at 1339-40.

This Court has held that control over the stolen property is an essential element of the offense of theft.  **State** v. Campbell (1978), 178 Mont. 15, 582 P.2d 783.  Mere association with the stolen article is not sufficient to show control over the stolen article and does not establish the control element of theft. Campbell, 582 P.2d at 785. Here, the State did not even prove that the stolen property was within Treible's possession--let alone his control.  As the renter of a room in Murnion's trailer, Treible did not have exclusive possession over the contents of the entire trailer.  As the Court in Campbell clearly stated:

> "[I]n order that recent possession be evidence of guilt it must be exclusive in the accused.  The possession must be such as to indicate that the accused and not someone else took the property.  If the place where the property is found is such that another person could have had access thereto as well as the accused, it cannot be said that the property was in the accused's exclusive possession and the circumstance would not be evidence of his guilt."

Campbell, 582 P.2d at 785 (citation omitted).  In this case, the State alleged that Treible and two co-defendants were responsible for the theft.  Further, as the Court's opinion in Benson recognizes, all co-defendants had access to the locations where the stolen property was found.  In addition, other individuals were present the night of the incident.  Benson, 880 P.2d at 1340. Although the State was not required to prove that Treible's explanation was false or unreasonable, the State was still required

to prove the elements of felony theft, namely, that Treible obtained or exerted unauthorized control over the stolen property. The State failed to meet that burden. Accordingly, I would reverse the District Court.

_W. William Leaphart_
Justice

        Justice Charles E. Erdmann joins in the foregoing dissent of Justice W. William Leaphart.

_[signature]_
Justice    --

January 18, 1996

CERTIFICATE OF SERVICE

I hereby certify that the following certified order was sent by United 'States mail, prepaid, to the following named:

Jock B. West, Esq.
West, Patten, Bekkedahl & Green
301 No. 27th St., Ste. 100
Billings, MT 59101

Hon. Joseph P. Mazurek, Attorney General
Jennifer Anders, Assistant
Justice Bldg.
Helena, MT 59620

John Bohlman
Musselshell County Attorney
P.O. Box 248
Roundup, MT 59072-0248

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _A. Gallagher_
Deputy