JUSTICE LEAPHART,
dissenting.
I dissent from the Court’s opinion and would hold that the District Court erred in denying Treible’s motion for a directed verdict. The evidence presented by the State was insufficient to support the conviction. Treible’s connection to the stolen property is even more tenuous than co-defendant Benson’s connection — which this Court found to be inadequate to support the conviction. State v. Benson (1994), 266 Mont. 415, 880 P.2d 1338.
As the Court points out, the State concedes that there is a lack of direct evidence linking Treible to the stolen property. Although Treible rented a room from Murnion, none of the stolen property was *64 tied to defendant Treible or found to be in his possession or control. The stolen property was found in the Murnion garage, Murnion’s trailer, and in Benson’s trailer. None of the evidence the Court points to in sustaining Treible’s conviction for felony theft was connected to Treible, rather, it was tenuously tied to co-defendants Murnion and Benson. Section 45-6-301, MCA, provides:
(1) A person commits the offense of theft when the person purposely or knowingly obtains or exerts unauthorized control over property of the owner and:
(a) has the purpose of depriving the owner of the property ... [emphasis added].
The State has not proven that Treible obtained or exerted unauthorized control over the property of the owner as required by § 45-6-301, MCA. In Benson, this Court rejected the State’s argument that Benson’s possession of the stolen lottery tickets and items consistent with others taken from the bar was enough to sustain the conviction for burglary. Benson, 880 P.2d at 1339-40.
This Court has held that control over the stolen property is an essential element of the offense of theft. State v. Campbell (1978), 178 Mont. 15, 582 P.2d 783. Mere association with the stolen article is not sufficient to show control over the stolen article and does not establish the control element of theft. Campbell, 582 P.2d at 785. Here, the State did not even prove that the stolen property was within Treible’s possession — let alone his control. As the renter of a room in Mumion’s trailer, Treible did not have exclusive possession over the contents of the entire trailer. As the Court in Campbell clearly stated:
“[I]n order that recent possession be evidence of guilt it must be exclusive in the accused. The possession must be such as to indicate that the accused and not someone else took the property. If the place where the property is found is such that another person could have had access thereto as well as the accused, it cannot be said that the property was in the accused’s exclusive possession and the circumstance would not be evidence of his guilt.”
Campbell, 582 P.2d at 785 (citation omitted). In this case, the State alleged that Treible and two co-defendants were responsible for the theft. Further, as the Court’s opinion in Benson recognizes, all co-defendants had access to the locations where the stolen property was found. In addition, other individuals were present the night of the incident. Benson, 880 P.2d at 1340. Although the State was not required to prove that Treible’s explanation was false or *65 unreasonable, the State was still required to prove the elements of felony theft, namely, that Treible obtained or exerted unauthorized control over the stolen property. The State failed to meet that burden. Accordingly, I would reverse the District Court.
JUSTICE ERDMANN joins in the foregoing dissent of Justice W. William Leaphart.