No. 88-450

IN THE SUPREME COURT OF THE STATE OF MONTANA

1989

STATE OF MONTANA,

       Plaintiff and Respondent,

  -vs-

JOHN WILLIAM McPHERSON,

       Defendant and Appellant.

APPEAL FROM: District Court of the Eighth Judicial District,
In and for the County of Cascade,
The Honorable Thomas McKittrick, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Richard J. Carstensen, Billings, Montana

    For Respondent:

        Hon. Marc Racicot, Attorney General, Helena, Montana
        John Paulson, Asst. Atty. General, Helena
        Patrick L. Paul, County Attorney, Great Falls, Montana
        Tammy K. Plubell, Deputy County Attorney, Great Falls

Submitted on Briefs: Feb. 16, 1989

Decided: March 30, 1989

Filed:

Clerk

Mr. Justice William E. Hunt, Sr., delivered the Opinion of the Court.

John W. McPherson, the defendant, entered a plea of guilty under § 45-5-502(1), MCA, to four counts of sexual assault, pursuant to a plea agreement, in the District Court of the Eighth Judicial District, Cascade County. Finding no legal reason why judgment should not be pronounced against McPherson, the District Court sentenced him to the Montana State Prison for a term of 20 years, with five suspended, on each of the four counts, to be served concurrently. He was also designated a dangerous offender for the purposes of parole eligibility. McPherson appeals. We affirm.

The following issues are raised on appeal:

1. Whether the District Court erred in denying McPherson's motion to continue the sentencing hearing.

2. Whether the District Court properly designated McPherson as a dangerous offender.

3. Whether the sentence was predicated on substantially correct information.

4. Whether the District Court, in imposing sentence, properly considered two mental health evaluations which referred to the report of a lie detector test administered to McPherson.

On February 5, 1988, defendant entered a plea of guilty to four counts of felony sexual assault, in violation of § 45-5-502(1), MCA, pursuant to a plea agreement. Defendant admitted to subjecting his two adopted daughters, ages 7 and 8, and their two friends, ages 7 and 10, to various forms of sexual assault on or about April 22, 1987.

Sentencing was originally set for March 11, 1988, but defendant was granted a continuance on March 7, 1988, for the

- 2 -

purpose of undergoing further assessment by Dr. Honeyman for the Yellowstone Treatment Center (hereinafter referred to as Yellowstone). Sentencing was reset for March 31, 1988, but again continued to April 21, 1988, due to conflicts in the court's calendar. On April 21, 1988, defendant made an oral motion to continue the sentencing hearing for two reasons: first, because the results of Dr. Honeyman's assessment, although completed on April 16, 1988, had not yet been forwarded to Yellowstone which was considering him as a candidate for its program; and second, because the probation officer who prepared the presentence report was absent from the sentencing hearing.

The motion was denied and the District Court sentenced defendant to the Montana State Prison for a term of 20 years, with five suspended, on each of the four counts, to be served concurrently. Defendant was designated a dangerous offender. The District Court based the sentence and the dangerous offender designation on the presentence report which the court had ordered, and on three evaluations submitted by defendant in support of his recommendation for sentencing. Two of the evaluations referred to a polygraph examination.

The first issue raised on appeal is whether the District Court erred in denying defendant's motion to continue the sentencing hearing.

Section 46-13-202(3), MCA, provides in part:

(3) All motions for continuance are addressed to the discretion of the trial court and shall be considered in the light of the diligence shown on the part of the movant.

As noted, the granting of a continuance is not a matter of right but is addressed to the sound discretion of the court. State v. Harris (1984), 209 Mont. 511, 682 P.2d 159; State v. Kirkland (1979), 184 Mont. 229, 602 P.2d 586. As we

- 3 -

have previously held, the District Court cannot be overturned on appeal unless an abuse of discretion, which prejudices the movant, is demonstrated. Harris, 682 P.2d at 161; State v. Hankins (1984), 209 Mont. 365, 680 P.2d 958. In accordance with State v. Van Natta (1982), 200 Mont. 312, 651 P.2d 57, the trial court shall consider the diligence shown on the part of the movant when ruling on a continuance.

In this case, defendant moved for a continuance in the sentencing proceeding on two grounds. First, because the probation officer who prepared the presentence report was absent from the proceeding and second, because defendant's assessment by Dr. Honeyman had not yet been forwarded to Yellowstone which was considering him as a candidate for its treatment program.

Defendant did not show any effort to obtain the presence of the probation officer, nor, offer any evidence as to what information could be obtained from her, nor did he give any account of what value her testimony would have been to his case. We previously held in State v. Walker (Mont. 1987), 733 P.2d 352, 44 St.Rep. 363, citing Harris, 682 P.2d at 161, that:

> First, he [the defendant] needed to show that he reasonably searched for his witness. Second, he needed to show that his witness's testimony could have helped his defense.

Defendant's lack of diligence is evidenced by the fact that the record shows no such testimony nor evidence which would satisfy this requirement.

Defendant argues that under State v. Lopez (1980), 185 Mont. 187, 605 P.2d 178, the sentencing hearing is only proper when defendant is allowed to examine the author of the presentence report. However, the Court in Lopez provided that the sentencing hearing is based upon numerous

- 4 -

considerations but did not specifically hold that the absence of any one factor would render the hearing improper. In this case, defendant had copies of the presentence report and the three psychological evaluations. He stated that he did not wish to call any witnesses at the sentencing hearing, nor does the record show evidence of an effort by defendant to procure the presence of the probation officer.

The facts demonstrate that defendant had ample time to produce evaluations and witnesses in support of his sentencing recommendation. The presentence report was prepared by the probation officer on February 26, 1988, and filed March 1, 1988. In addition, sentencing was originally set for March 11, 1988, but defendant was granted a continuance on March 7, 1988, in order to undergo further evaluation by Yellowstone. Sentencing was again reset for April 21, 1988. In the meantime, the Yellowstone report had been completed by Dr. Honeyman on April 16, 1988, although not yet forwarded to Yellowstone. Furthermore, the case had been set for sentencing on two previous dates and the presentence report had been completed and filed on March 1, 1988.

Lack of diligence on defendant's part is demonstrated by the fact that he waited until the day of the hearing to move for the continuance. In State v. Kleman (Mont. 1981), 634 P.2d 632, 38 St.Rep. 1627, where the trial had also been set on two previous dates, the Court held that, "Waiting until the day of trial to make such a motion [continuance] does not show diligence on the part of the defendant."

Also, defendant moved for the continuance in order to allow time for the results of Dr. Honeyman's evaluation to be forwarded to Yellowstone for assessment. The evaluation had been completed five days before the sentencing hearing. Defendant had nearly six additional weeks from the date of

the original hearing to undergo assessments and produce evaluations and witnesses.

The District Court did not abuse its discretion in denying the motion nor is there anything in the record to indicate that defendant was prejudiced by the denial. For the foregoing reasons, the District Court properly denied defendant's motion for a continuance.

Defendant was designated a dangerous offender in accordance with § 46-18-404, MCA. He contends that the District Court erred in the designation because it failed to articulate the reason for its findings.

Section 46-18-404, MCA, permits the District Court judge to use his discretion to designate a criminal as dangerous for the purpose of parol. However, we held in State v. Miller (Mont. 1988), 757 P.2d 1275, 45 St.Rep. 790, that the statute dictates two prerequisites to a nondangerous classification: (1) lack of a felony conviction within the preceding five years; and, (2) a finding that the defendant does not present a substantial danger to society. Hence, although defendant had not committed a felony in the last five years, the District Court must also find that he was not a substantial danger to society before nondangerous classification becomes mandatory.

This Court previously held in In re McFadden (1980), 185 Mont. 220, 605 P.2d 599, that the sentencing court must articulate its reasons for the determination, and that the mere recitation of the statutory language was insufficient. Also, in State v. Camitsch (Mont. 1981), 626 P.2d 1250, 38 St.Rep. 563, we provided that the court must present its reasons in order to support the conclusion because without such findings the court could not determine whether there had been an abuse of discretion.

Defendant argues that the District Court designated him a dangerous offender "for the purposes of eligibility for parole" thus, merely reciting the statute. However, in State v. Bell (Mont. 1987), 731 P.2d at 336, 344, 44 St.Rep 56, 66, the District Court set forth a list of its findings in the sentence and we held that this was adequate to meet the articulated reasons requirement. In defendant's case the District Court also set forth a similar type of list of its findings in the first portion of the sentence as follows:

1.  The seriousness of the offenses and the harm to the victims.

2.  The Defendant has been diagnosed "psychosexual disorder--pedophilia and a dependent personality disorder."

3.  The Defendant is reported by the Helena, Montana Sexual Assault Treatment Program to be a danger and a risk to the community.

4.  That the Defendant's sado-masochistic tendencies complicate any treatment he will need.

5.  That the reported chances of the Defendant re-offending is "quite high."

6.  That the pedophilia is incurable.

Although the reasons articulated are set forth in the first portion of the judgment and the dangerous offender designation in the latter portion, we hold that it is all part of the same judgment and, therefore, sufficient.

The court adequately articulated its reasons for finding defendant dangerous in its judgment. We hold that the reasons set forth are sufficient to designate defendant as a dangerous offender.

Next, defendant raises the issue of whether the sentence was predicated on substantially correct information.

We have held that "a defendant is entitled to have his sentence predicated on substantially correct information." State v. Baldwin (Mont. 1981), 629 P.2d 222, 224, 38 St.Rep. 882, 884, citing State v. Olsen (Mont. 1980), 614 P.2d 1061, 1064, 37 St.Rep. 1313; State v. Knapp (1977), 174 Mont. 373, 379, 570 P.2d 1138, 1141. The Court, however, will not strain at worst-case assumptions in order to find a mistake and we presume the District Court to be correct. State v. Herrera (1982), 197 Mont. 462, 643 P.2d 588.

Here, the District Court based its sentence on a presentence report prepared by defendant's probation officer, as required by § 46-18-111, MCA, and on three psychological evaluations. We hold that these documents adequately substantiate the court's rationale and that they come within the purview of substantially correct information as required.

Under State v. Smith (Mont. 1985), 705 P.2d 1087, 1093, 42 St.Rep 463, 468, citing State v. Trangsrud (Mont. 1983), 651 P.2d 37, 39 St.Rep. 1765, we held that the defendant has an affirmative duty to present evidence showing the inaccuracies contained in the report. See also State v. Radi (1979), 185 Mont. 38, 604 P.2d 318. Here, defendant did not persuasively rebut the information or conclusions utilized by the District Court. He did not show that the documents were inaccurate, incomplete nor incorrect. Thus, defendant did not meet this affirmative duty.

Further, under § 46-18-102(3)(b), MCA, the judge shall clearly state for the record his reasons underlying the imposition of any sentence. Here, the district judge has enumerated six reasons for the sentence imposed on defendant. We hold that these reasons are sufficient to support the District Court's rationale.

In addition, not only may the District Court use its broad discretion to determine the appropriate punishment,

State v. Carson (1984), 208 Mont. 320, 322, 677 P.2d 587, 588, but it may also use its discretion in determining the manner and extent of punishment. State v. Petroff (Mont. 1988), 757 P.2d 759, 45 St.Rep. 833.

Defendant argues that because his probation officer recommended either a long suspended sentence with requirements for treatment or incarceration at the prison where he would be able to receive treatment, the sentence was erroneous and excessive. We disagree. We held in State v. Stephens (1982), 198 Mont. 140, 146, 645 P.2d 387, 391 that:

> There is no requirement that the sentencing judge adopt the recommendation of the presentence report or that he state reasons for any discrepancy between the recommended sentence and the one actually imposed. The sentencing judge must only specify reasons why the sentence was imposed. Citing State v. Stumpf (Mont. 1980), 609 P.2d 298, 37 St.Rep. 673; Cavanaugh v. Crist (Mont. 1980), 615 P.2d 890, 37 St.Rep. 1461.

The District Court's sentence was based upon accurate information and it properly articulated the reasons for its finding as required. We hold that the sentence is proper.

The last specification of error regards whether the District Court in imposing sentence properly considered two mental health evaluations which referred to the report of a lie detector test administered to defendant.

This Court has long abhorred the use of lie detector evidence and has consistently held it inadmissible. We said in State v. Bashor (1980), 188 Mont. 397, 614 P.2d 470, that the results of polygraph examinations are inadmissible as evidence in a criminal trial. State v. Campbell (1978), 176 Mont. 525, 579 P.2d 1231; see also State v. Hollywood (1960), 138 Mont. 561, 358 P.2d 437. In Bashor, we provided the following:

> " . . . in many cases where polygraph evidence is admitted, a single person, the polygraphist, will give testimony which will often be the determinative factor as to the guilt or innocence of a defendant in a jury-tried case. This would deprive the defendant of the common sense and collective judgment of his peers, derived after weighing facts and considering the credibility of witnesses, which has been the hallmark of the jury tradition." State v. Bashor (1980), 188 Mont. at 414, 614 P.2d at 482, citing United States v. Alexander (8th Cir. 1975), 526 F.2d 161, 168.

However, Bashor addressed the polygraph issue in the trial setting while in defendant's case the issue was brought up during sentencing.

According to § 46-18-111, MCA, the court must consider the presentence report when imposing a sentence unless it deems the report unnecessary. The judge may also consider a wide variety of information not admitted at trial, United States v. Messer (9th Cir. 1986), 785 F.2d 832, since the sentencing hearing may be conducted by permitting relaxed rules of evidence. State v. Holmes (1983), 207 Mont. 176, 674 P.2d 1076. However, this Court has stated that the Montana Rules of Evidence do not apply to sentencing hearings, Rule 101(c)(3), M.R.Evid. State v. Lamere (1983), 202 Mont. 313, 658 P.2d 376.

Defendant provided the District Court with the three evaluations which were conducted at his request and submitted by him in support of his recommendation for sentencing. The district judge was not required to consider the evaluations but because of the relaxed standards of evidence in a sentencing situation, he was free to do so. In State v. Turley (1974), 164 Mont. 231, 521 P.2d 690, where the defendant also submitted himself to a polygraph examination before sentencing, this Court held that the trial court did not err

in refusing to consider evidence of the polygraph at sentencing.

Thus, we continue to hold that the polygraph is inadmissible as evidence at trial but, in this case, the defendant invited the error and cannot now complain that it was in the record. State v. Miller (1977), 173 Mont. 453, 568 P.2d 130.

Affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices

- 11 -