**STATE OF MONTANA,
Plaintiff and Respondent,
v.
LEO F. STAAT,
Defendant and Applicant.**

No. 91-119.
April 4, 1991.
248 Mont. 291.
811 P.2d 1261.

## MEMORANDUM OPINION AND ORDER

A petition for a writ of supervisory control in this matter was filed after defendant Leo F. Staat's appeal bond was revoked based upon the results of a court-ordered polygraph examination and he was ordered to begin serving a jail sentence. On March 27, 1991, this Court exercised its power of supervisory control and ordered that Staat be released from custody and that his bond pending appeal be reinstated. That order further provided that the Court would later issue an order articulating its reasoning concerning § 37-62-302, MCA, and polygraph examination results in court proceedings.

This Court recognizes that, as the State points out, some courts

have allowed polygraph evidence in criminal proceedings in limited circumstances, such as by stipulation of the parties. *See, e.g., United States v. Oliver* (8th Cir. 1975) 525 F.2d 731. However, this Court "has long abhorred the use of lie detector evidence." *State v. McPherson* (1989), 236 Mont. 484, 491, 771 P.2d 120, 124. We consistently have held such evidence inadmissible in criminal trials. *State v. Hollywood* (1960), 138 Mont. 561, 358 P.2d 437; *State v. Bashor* (1980), 188 Mont. 397, 614 P.2d 470, and cases cited therein. We have also held such evidence inadmissible in a probation revocation proceeding, because "[w]e do not believe these tests to be sufficiently trustworthy that one could be jailed or imprisoned solely as the result of a polygraph examination." *State v. Fogarty* (1980), 187 Mont. 393, 417, 610 P.2d 140, 154. (In *State v. Burke* (1988), 235 Mont. 165, 766 P.2d 254, *Fogarty* was overruled on another issue.) In the thirty-two cases since 1960 in which this Court has mentioned or discussed polygraph examinations, the results thereof have never been specifically approved for introduction into evidence over objection.

This Court has on one occasion declined to reverse a criminal conviction where polygraph evidence was included in a presentence report. *McPherson,* 771 P.2d 120. In that case, the defendant had submitted the polygraph evidence, and this Court stated that he "invited the error and cannot now complain that it was in the record." *McPherson,* 771 P.2d at 125.

The Montana legislature has prohibited polygraph examination results from being introduced in evidence. This is the public policy of Montana with which we agree. Section 37-62-302, MCA, enacted in 1983, provides:

"Results of a polygraph examination or other test given by an examiner may not be introduced or admitted as evidence in a court of law."

The mandatory language of prohibition in the above statute rules out admission of polygraph evidence by stipulation of the parties.

In light of the lack of trustworthiness of the results of polygraph tests, we conclude that application of the above statute should not be limited to those court proceedings in which the rules of evidence govern, but should extend to *every* proceeding in Montana courts of law. This is critical in situations such as the one presented here, where the rules of evidence do not apply but where allowing the court to consider the results of a polygraph examination may deprive a person of his or her liberty based upon that evidence.

To the extent that it is inconsistent with this order, *McPherson* is

overruled. Further, any other statements of this Court in prior cases that may by inference have approved polygraph examination results in court proceedings are superseded by this order.

We take this opportunity to clarify the following simple rule of law for the benefit of the bench and bar of Montana: Polygraph evidence shall not be allowed in any proceeding in a court of law in Montana. The only acceptable lie detection methods in Montana court proceedings reside with the court in bench trials, the jury in jury trials, and the skill of counsel in cross-examination in all trials.

The Clerk is directed to provide copies of this Memorandum Opinion and Order to the State Reporter and to West Publishing, with our request that it be published in the State Reporter and in the Pacific Digest.

DATED this 4th day of April, 1991.

s/ J. A. Turnage, Chief Justice
s/ Terry Trieweiler, Justice
s/ Karla M. Gray, Justice
s/ William E. Hunt, Justice
s/ John Conway Harrison, Justice
s/ R. C. McDonough, Justice
s/ Fred J. Weber, Justice