JUSTICE HUNT
delivered the Opinion of the Court.
The State of Montana appeals from a decision of the Eighth Judicial District Court, Cascade County, granting defendant’s motion to suppress his confession made following a post-polygraph interview.
*241 We affirm.
The State raises the following issue:
Did the District Court err in granting defendant’s motion to suppress a statement given by defendant following a polygraph examination?
Defendant is accused of sexually assaulting his 11-year-old step-granddaughter on July 12,1992, while on a family fishing excursion in Great Falls. Defendant does not have an existing criminal record.
Defendant was first questioned concerning the allegations on August 7, 1992, by Detective Bellusci. At that time, the detective advised defendant of his rights pursuant to Miranda v. Arizona (1966), 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694. The detective again spoke with defendant on August 26, 1992, to schedule a time for a polygraph examination.
On August 28, 1992, defendant went to the Great Falls Police Station at the request of Detective Bellusci. However, defendant contends he did not know at that time that he would be subjected to a polygraph examination. Detective Bellusci explained to defendant that the results of the polygraph were not admissible as evidence. Prior to the interview and polygraph examination, Officer Theisen, a certified polygraph examiner, gave defendant a Miranda warning and defendant signed a waiver and consent form. Officer Theisen conducted a background interview prior to the polygraph examination. The background interview revealed that defendant had six and a one-half hours of sleep before taking the polygraph, although at the time of the hearing, defendant contended that he had only one hour of sleep. The exam lasted for two hours and fifteen minutes.
At the conclusion of the polygraph examination, Officer Theisen told the defendant the polygraph indicated he had lied, and then began questioning him. Officer Theisen then called in Detective Bellusci, who also confronted defendant and told him that he was lying. The officers told defendant that the machine was proof that he lied. After approximately 15 to 20 minutes of questioning, defendant confessed to the offense.
On September 8,1992, the Cascade County Attorney’s Office filed an information charging defendant with one count of felony sexual assault in violation of § 45-2-502, MCA. At his arraignment on October 13,1992, defendant pled not guilty. On January 15,1993, defendant filed a motion to suppress his statement given after the polygraph examination. On February 3, 1993, the District Court held a hearing on the motion, ruling from the bench that the motion was *242 granted. On February 4, 1993, the court entered a written order granting the motion. The State appeals from that order.
The State argues that the police used appropriate tactics in this case; that State v. Mayes (1992), 251 Mont. 358, 825 P.2d 1196, is not controlling in this instance; and that the District Court’s suppression of the evidence is in error. Defendant does not contend that he was in custody at the time he admitted to touching the victim. Instead, defendant argues that the tactic used by the police when telling him that he was lying because of the results of the polygraph in order to induce a confession is improper.
To determine whether a confession is voluntaiy “is a factual question which must take into account the totality of the circumstances.” Mayes, 825 P.2d at 1208 (citing State v. Allies (1979), 186 Mont. 99, 606 P.2d 1043). “[W]hen a defendant raises the question of voluntariness, the State must prove by a preponderance of the evidence that the confession or admission obtained was voluntarily obtained.” Mayes, 825 P.2d at 1208 (citing § 46-13-301(2), MCA).
Mayes involved a defendant found guilty of incest who confessed after a polygraph interrogation that he had inappropriately touched his daughter one year earlier while living in Washington. This Court suppressed the confession because at the time of the confession, the defendant had been awake for more than 30 hours, had been questioned continually, had been separated from his children, and had been lied to about the evidence against him. Mayes, 825 P.2d at 1208. The polygraph examination indicated the defendant was not telling the truth, and the examiner used that information to obtain a confession. Mayes, 825 P.2d at 1207.
Here, we do not have the same facts as were present in Mayes. Before Officer Theisen initiated the polygraph exam, defendant indicated that he had slept for six and one-half hours prior to the exam. The police officers did not fabricate evidence, or tell defendant that they had evidence that did not exist.
Even so, we strongly condemn the tactics used by the officers in this case to coerce defendant’s confession. Prior to this charge, defendant had no criminal record and did not have experience with police interrogation. The officers mislead defendant into believing that the results of the test were legitimate and admissible in order to induce a confession. The State maintains that the officers’ conduct in this case is an acceptable tactic, and that the use of a polygraph test is an effective tool for investigative purposes.
*243 Regardless of its acceptability among the police, it is not acceptable to this Court for the police to use the results of a polygraph examination to tell a defendant that he lied in order to extract a confession. Nor can we say that the polygraph was used for investigative purposes in this case. Officer Theisen testified that the purpose of telling defendant that he lied was to elicit a statement.
In State v. Staat (1991), 248 Mont. 291, 292, 811 P.2d 1261, 1262, we stated our position that we have “long abhorred the use of lie detector evidence.” (quoting State v. McPherson (1989), 236 Mont. 484, 491, 771 P.2d 120, 124). We restate for the bench and bar of Montana that:
In light of the lack of trustworthiness of the results of polygraph tests, we conclude that application of the above statute [§ 37-62-302, MCA] should not be limited to those court proceedings in which the rules of evidence govern, but should extend to every proceeding in Montana coruts of law. ...
Polygraph evidence shall not be allowed in any proceeding in a court of law in Montana. The only acceptable lie detection methods in Montana corut proceedings reside with the court in bench trials, the jury injury trials, and the skill of counsel in cross-examination in all trials. [Emphasis added].
Staat, 811 P.2d at 1262.
We also condemn the use of the results of polygraph examinations to elicit or coerce a confession from defendants. We hold that the District Court did not err in suppressing the statement made by defendant following a polygraph examination where the police officers used the results of the polygraph to tell the defendant he had lied so as to elicit a statement or confession.
We affirm the decision of the District Court.
CHIEF JUSTICE TURNAGE, JUSTICES HARRISON, TRIEWEILER and WEBER concur.