NO.  94-088

IN THE SUPREME COURT OF THE STATE OF MONTANA

1995

STATE of MONTANA,

      Plaintiff and Respondent,

-v-

ROBERT STACY BRADLEY,

      Defendant and Appellant.

FILED

FEB 08 1995

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:    District Court of the Sixteenth Judicial District,
In and for the County of Custer,
The Honorable Joe L. Hegel, Judge presiding.


COUNSEL OF RECORD:

        For Appellant:

        J. B. Wheatcroft, Miles City, Montana

        For Respondent:

        Hon. Joseph P. Mazurek, Attorney General, Kathy
Seeley, Assistant Attorney General; Garry B. Bunke,
Custer County Attorney, Miles City, Montana


Submitted on Briefs:  January 12, 1995

Decided:  February 8, 1995

Filed:

Clerk

Justice Fred J. Weber delivered the Opinion of the Court.

This is an appeal from a jury verdict finding defendant guilty of Sexual Intercourse Without Consent and from the attendant sentence imposed by the Sixteenth Judicial District Court, Custer County. We reverse and remand for a new trial.

We consider one issue as dispositive of this case:

Did the District Court err in failing to instruct the jury correctly on the applicable law of the case?

In January of 1988, Robert Stacy Bradley (Bradley) lived in a rooming house in Seattle, Washington. The rooming house was owned by his then current mother-in-law. Bradley was in the process of divorcing his third wife, Angel, and had responsibility for his young daughter, Amber, from his second marriage.

While staying at the rooming house, Bradley met Sherri Hutchins (Sherri) and her brother, Floyd, in the spring of 1988. Sherri, 14, and Floyd, 15, had been abandoned by their mother when she left them in the rooming house and subsequently disappeared.

In the spring of 1988, Bradley, Sherri, Floyd, and Amber moved into an apartment where Sherri, 14, and Bradley, 29, became lovers. Sherri, Bradley, Floyd and Amber moved from Washington to Tennessee in July of 1988 because Bradley's family resided in that state. During the stay in Tennessee, Sherri became pregnant, but miscarried. Bradley testified that he did not know until the couple went to Tennessee that Sherri was so young. By that time, he stated, he felt he should do the "right thing" and marry her. Because Sherri was underage, the couple sought and found Sherri's

2

mother in the hope that she would sign for them to be married.

In June of 1989, the couple and Amber moved to Miles City, Montana, where Sherry's mother lived. Shortly after arriving in Montana, Sherry became pregnant a second time and the couple wed on February 20, 1990, five days past Sherri's sixteenth birthday. Sherri was seven months pregnant. She gave birth on April 3, 1990.

On April 3, 1991, Sherri gave birth to the couple's second child. The couple moved around from Montana to California and while living in Washington State, the couple separated in December of 1991. During this time, Bradley obtained a restraining order for Sherri and she was unable to see her children for approximately eight months.

Bradley returned to Miles City and by August of 1992, Sherri had moved back to Miles City to live with Bradley and the children. In September of 1992, Sherri initiated contact with the Department of Family Services (DFS) to have the children removed **from** the home. Following an investigation, the DFS removed Sherri and the children to a shelter in Billings.

Law enforcement questioned Bradley in December of 1992 and on December 31, 1992, Bradley was charged by information with the offenses of Bigamy, a misdemeanor; False Swearing, a misdemeanor; and Sexual Intercourse Without Consent, a felony. At the time the information was filed, Sherri was pregnant with the couple's third child.

Bradley moved to have the charges dropped based upon the spousal exemption in § 45-5-511, MCA (1989). The State countered

3

that Bradley was not divorced from his third wife until February of 1992, two years after the actual marriage to Sherri, and he could not avail himself of the spousal exemption.

The State did move to dismiss the Bigamy and False Swearing charges because they had not been initiated within the one-year statute of limitations for misdemeanors. A jury trial was held on June 3, 1993, on the charge of Sexual Intercourse Without Consent because Sherri had been 15 years old when the couple came to Miles City the first time in 1989. A jury found Bradley guilty and the court after considerable delay sentenced Bradley on January 7, 1994 to fifteen years in the Montana State Prison, with all but thirty days suspended. The sentence also contained a litany of conditions such as therapy for Bradley's host of emotional problems and registration in a sexual offender program. The court also reserved the right to restrict defendant's parole upon resentencing after a violation of his probation terms.

Bradley appeals the District Court's denial of his Motion to Dismiss, Motion for Directed Verdict, the refusal of defendant's jury instructions, the jury verdict and the sentencing order.

Did the District Court err in failing to instruct the jury correctly on the applicable law of the case?

Bradley argues that the court did not instruct the jury on the correct law of the case. Specifically, the court refused his instructions based on § 45-5-511, MCA (1989), which contained a spousal exemption for sexual intercourse without consent. Bradley contends that his instructions 7, 11, 13, and 14 should have been

4

given. The State argues that the above referenced instructions did not accurately reflect the law or the evidence presented in the case.

Instructions must be reviewed as a whole and if they fully and fairly present the law to the jury, the jury has been properly instructed. State v. Hall (1990), 244 Mont. 161, 172, 797 P.2d 183, 190. To constitute reversible error, the trial court's actions must affect substantial rights of the party. Davis v. Church of the Latter Day Saints (1990), 244 Mont. 61, 796 P.2d 181.

First, we note that Bradley's instruction #14 is a general instruction with little relevance to the case. It is taken from a general treatise and is not based upon Montana law. The District Court did not err in excluding it as it is not germane to the resolution of the issues.

Bradley's instruction #7, which was refused by the District Court stated:

> To convict the defendant of sexual intercourse without consent, the State must prove the following elements:
> First: That the defendant knowingly has [had ?] sexual intercourse with Sherri Lynn Bradley; and
> **Second: That Sherri Lynn Bradley was not the defendant's spouse; and**
> Third: That the act of sexual intercourse was without the consent of Sherri Lynn Bradley. . . . (Emphasis added.)

Instead of the above instruction, the court gave the State's instruction #6:

> To convict the defendant of sexual intercourse without consent, the State must prove the following elements:
> 1. That the defendant had sexual intercourse with Sherry Bradley; and
> 2. That the act of sexual intercourse was without the consent of Sherry Bradley; and

5

3. That the defendant acted knowingly. .

Neither instruction is 100% correct. But the State's instruction does not reflect the complete law. The court erred in giving the instruction as it is misleading and acted to prejudice Bradley by not giving the appropriate law upon which he must be judged.

The statute at issue is § 45-5-503, MCA. That statute in 1983 read:

> **Sexual intercourse without consent.** (1) A person who knowingly has sexual intercourse without consent with a person of the opposite sex, <u>not his spouse</u>, commits the offense of sexual intercourse without consent. (Emphasis added.)

In 1985, the legislature removed the phrase "not his spouse" from subsection one. However, at the same time, they added a new sentence to subsection one which remained unchanged through 1989. The 1989 version of that statute reads:

> **Sexual intercourse without consent.** (1) **A person** who knowingly has sexual intercourse without consent with a person of the opposite sex commits the offense of sexual intercourse without consent. <u>A person may not be convicted under this section based on the age of his spouse as provided in 45-5-501(2)(c).</u> (Emphasis added.)

Bradley argues that he was found guilty because the court did not instruct the jury properly by including the second sentence of subsection one in the instructions. We agree with that point of view.

Likewise, the jury should have been instructed that the law contained the further exemptions found in § 45-5-511, MCA (1989):

> **Provisions generally applicable to sexual crimes.** (1) When criminality depends on the **victim** being less than 16 years old, it is a defense for the offender to prove that he reasonably believed the child to be above that age. Such belief shall not be deemed reasonable if the child

6

is less than 14 years old.
(2) Whenever the definition of an offense excludes conduct with a spouse the exclusion shall be deemed to extend to persons living as husband and wife regardless of the legal status of their relationship. . .
(Emphasis added.)

The court instructed the jury on subsection one only by giving the State's instruction #9 but refused Bradley's instruction #13 which contained subsection two. Again, neither instruction is correct as it is written. An instruction which properly presents the law to the jury would contain both subsections of this 1989 statute. The question of whether Sherri and Bradley were "living as husband and wife" in July of 1989 is a question of fact for the jury to determine.

Because the court prejudiced Bradley by instructing the jury on an incomplete version of the appropriate law, this case must be reversed and remanded for a new trial.

Reversed and remanded

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____

_____

_____
Justices

February 8, 1995

CERTIFICATE OF SERVICE

I hereby certify that the following certified order was sent by United States mail, prepaid, to the following named:


J.B. Wheatcroft
Attorney at Law
P.O. Box 1081
Miles City, MT 59301

HON. JOSEPH P. MAZUREK, Attorney General
    , Assistant
Jutice Bldg.
Helena. MT 59620

Garry B. Bunke
Custer County Attorney
1010 Main
Miles City, MT 59301


ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY:_____
Deputy