No. 95-084

IN THE SUPREME COURT OF THE STATE OF MONTANA

1995

STATE OF MONTANA,

     Plaintiff and Respondent,

v.

DANETTE TENAS,

     Defendant and Appellant.

**FILED**

AUG 17 1995

*Ed Smith*

CLERK OF SUPREME COURT
STATE OF MONTANA


APPEAL FROM:   District Court of the Twentieth Judicial District,
In and for the County of Lake,
The Honorable C.B. McNeil, Judge presiding.


COUNSEL OF RECORD:

     For Appellant:

     Roberta Hoe, Attorney at Law, Polson, Montana

     For Respondent:

     Hon. Joseph P. Mazurek, Attorney General, Pamela P.
Collins, Assistant Attorney General, Helena,
Montana; Kim Christopher, Lake County Attorney,
Mitchell A. Young, Deputy Lake County Attorney,
Polson, Montana


Submitted on Briefs:   July 13, 1995

Decided:   August 17, 1995

Filed:

_____
Clerk

Justice Karla M. Gray delivered the Opinion of the Court.

Danette Tenas (Tenas) appeals from the Judgment entered by the Twentieth Judicial District Court, Lake County, on her conviction by Alford plea of the offense of negligent homicide. We affirm.

The dispositive issue on appeal is whether the District Court abused its discretion in sentencing Tenas.

A complaint was filed in the Justice Court of Lake County on July 9, 1993, charging Tenas with the offense of negligent homicide, a felony, in violation of § 45-5-104, MCA. The complaint alleged that, on or about May 2, 1992, Tenas negligently caused the death of a human being by driving a vehicle across the center line on Highway 93 and causing a head-on collision. An information was later filed in the District Court charging Tenas with the offenses of negligent homicide, a felony, and negligent vehicular assault, a misdemeanor. Tenas pleaded not guilty to both charges.

After a number of continuances and related waivers of speedy trial rights, an omnibus hearing was held on March 16, 1994. A jury trial was scheduled and, later, rescheduled for October 13, 1994.

In September of 1994, the State of Montana (State) filed a proposed plea agreement and Tenas filed a Verified Request to Enter Guilty Plea and Waiver of Rights. Under the plea agreement, Tenas would plead guilty to the negligent homicide charge and the State would dismiss the negligent vehicular assault charge. The State agreed to recommend a sentence of 10 years in the Women's Correctional Facility, with all but 90 days suspended and the 90

2

days to be served in the Lake County Jail; Tenas was free to recommend any sentence she felt was appropriate. The State and Tenas agreed that she would not be sentenced in excess of the State's recommendation. In the event the District Court rejected the plea agreement, Tenas would be allowed to withdraw her guilty plea, enter a not guilty plea and proceed to trial.

The District Court subsequently accepted the plea agreement, stating that Tenas' sentence would not be greater than that recommended by the State or less than that recommended by Tenas. Tenas then entered an Alford plea to the charge of negligent homicide. The court accepted the plea, granted the State's motion to dismiss the negligent vehicular assault charge and ordered a presentence investigation report (PIR).

Thereafter, Tenas filed a brief in support of her sentencing recommendations. In summary, she recommended that imposition of sentence be deferred for five years under certain conditions, including that she enter an appropriate rehabilitation and treatment center capable of addressing both chemical dependency issues and the closed head injury she contends she sustained in the vehicle collision from which the charges against her arose.

At the sentencing hearing, testimony and oral argument were presented. The District Court sentenced Tenas to 10 years in the Women's Correctional Facility and suspended all but 90 days, which were to be served in the Lake County Jail. The court provided that Tenas could serve the last 30 days of the 90 nonsuspended days either in an in-patient treatment program or on house arrest if she arranged and paid for either option. Conditions were imposed for

3

the full period of Tenas' suspended sentence.

The court's stated reasons for the sentence were that it conformed to the parameters of the plea agreement and provided for both punishment and an opportunity for rehabilitation. The court also took into consideration Tenas' youth and relative absence of a prior criminal record and her lack of any expressed remorse for the death caused by her drinking and driving. Tenas appealed.

Tenas moved to stay execution of the judgment and for release on her own recognizance pending appeal. The District Court granted the motion.

Did the District Court abuse its discretion in sentencing Tenas?

Sentencing judges are granted broad discretion to determine the appropriate punishment. State v. Alexander (1994), 265 Mont. 192, 203, 875 P.2d 345, 352 (citation omitted). Where the sentence imposed is within the limits of the applicable statutes, we generally will not find an abuse of discretion. See State v. Losson (1993), 262 Mont. 342, 352, 865 P.2d 255, 261.

Section 45-5-104, MCA, defines the offense of negligent homicide and sets forth the statutory parameters for sentencing a person convicted of the offense. The statute authorizes a sentence of imprisonment for any term not exceeding 10 years or a fine not exceeding $50,000, or both. Section 45-5-104(3), MCA. It is clear that the District Court's sentence of 10 years' imprisonment in the Women's Correctional Facility, with all but 90 days of that term suspended and that 90 days to be served in the Lake County Jail, is well within the applicable sentencing statute.

4

Nor does the court's sentence violate the terms of the plea agreement between the State and Tenas. Pursuant to that agreement, the State recommended a sentence of 10 years' imprisonment, with all but 90 days suspended and those days to be served in the Lake County Jail. Tenas made her own sentencing recommendations, as permitted by the agreement. The court accepted the plea agreement and sentenced Tenas within its parameters, as it affirmatively obligated itself to do.

Tenas advances a variety of arguments in support of her contention that the District Court erred in not granting her request for a deferred imposition of sentence. Her arguments are not persuasive.

Tenas argues that the court did not meet its responsibility to be fully informed on any mitigating or aggravating circumstances that properly may influence the sentencing decision. This argument is based on asserted inaccurate and biased information contained in the PIR prepared by Dave Weaver (Weaver), as well as omitted material she contends should have been included. While Tenas argues generally that § 46-18-112, MCA, requires the inclusion of certain information in a PIR, she does not assert with particularity that information required by the statute is not included in some form or fashion in the PIR Weaver prepared; nor does our review of the PIR indicate a lack of compliance with the statutory requirements.

Relying on State v. McPherson (1989), 236 Mont. 484, 771 P.2d 120, rev'd on other grounds, see State v. Staat (1991), 248 Mont. 291, 292-93, 811 P.2d 1261, 1262, and the Fourteenth Amendment's

5

due process clause, Tenas also argues that she was entitled to have her sentence predicated on correct information. She contends that Weaver's failure to include information about her medical history and current closed head injury, together with his erroneous opinions about her psychological condition and lack of remorse, resulted in the District Court's reliance on inaccurate information in sentencing her.

The record reflects that, at the sentencing hearing, Tenas stated that she had numerous comments and corrections relating to the PIR, a number of which related to expressions of opinion by Weaver. The court permitted her to present her objections and corrections. In addition, she cross-examined Weaver fully and presented a three-page letter from her doctor addressing portions of the information contained in the PIR and expressing the doctor's disagreement with a comment by Weaver that Tenas was not remorseful.

While McPherson requires that a criminal defendant's sentence be predicated on substantially correct information, it also states that we presume a district court to be correct and place the burden of presenting inaccuracies on the defendant. McPherson, 771 P.2d at 123-24. Here, Tenas' assertions regarding inaccurate information rest primarily on differences of opinion. It was within the province of the sentencing court to weigh conflicting opinions and interpretations and give them such weight as it found appropriate. We conclude, therefore, that Tenas has not met her burden of establishing that the District Court relied on inaccurate information.

6

Tenas also argues that her constitutional right to equal protection of the laws entitled her to a deferred sentence on the basis that an allegedly similarly situated defendant received such a sentence. She cites no authority for the proposition that every sentence involving similar circumstances requires imposition of an identical sentence and we know of no such authority.

Moreover, Tenas' equal protection argument--like her other constitutional arguments--totally ignores the fact that she was sentenced in accordance with her plea agreement. Tenas can present any argument about the inequity or disparity of her sentence to the Sentence Review Division; we do not review such matters on appeal. See State v. Almanza (1987), 229 Mont. 383, 386, 746 P.2d 1089, 1090-91.

Tenas' contention that her sentence is cruel and unusual under the constitution also requires little discussion. We repeatedly have held that a sentence which falls within the statutory sentencing guidelines does not violate the Eighth Amendment prohibition against cruel and unusual punishment. See, e.g., State v. Peck (1993), 263 Mont. 1, 4, 865 P.2d 304, 306.

Finally, Tenas' reliance on State v. Burris (1975), 168 Mont. 195, 542 P.2d 1223, for the proposition that this Court has indicated a preference for deferring imposition of sentence under circumstances such as those now before us is misplaced. In Burris, we addressed a specific statutory presumption in favor of a deferred sentence upon the first conviction of a person under 21 years of age for a drug-related offense. Burris, 542 P.2d at 1224-25. That statute is not at issue here and, therefore, Burris is

7

totally inapplicable.

The sentence of the District Court is within the statutory parameters set forth in § 45-5-104(3), MCA, for the offense of negligent homicide. The sentence is also within the parameters of Tenas' plea agreement with the State. Tenas has not established that the District Court relied on information which was not substantially correct in sentencing her. See McPherson, 771 P.2d at 123. Therefore, we conclude that the District Court did not abuse its discretion in sentencing Tenas.

Affirmed.

Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1988 Internal Operating Rules, this decision shall not be cited as precedent and shall be published by its filing as a public document with the Clerk of the Supreme Court and by a report of its result to Montana Law Week, State Reporter and West Publishing Company.

_____
Justice

We Concur:

_____

_____

_____

_____
Justices

8