NO. 95-273

IN THE SUPREME COURT OF THE STATE OF MONTANA

1995

STATE OF MONTANA,

      Plaintiff and Respondent,

  v.

BETHANY LEE LONG,

      Defendant and Appellant.

FILED

DEC 05 1995

*Earl Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM: District Court of the Twentieth Judicial District,
In and for the County of Lake,
The Honorable C. B. McNeil, Judge presiding.


COUNSEL OF RECORD:

      For Appellant:

          William F. Hooks, State Appellate Defender,
Helena, Montana

      For Respondent:

          Hon. Joseph P. Mazurek, Attorney General,
Cregg Coughlin, Assistant Attorney General,
Helena, Montana

          Kim Christopher, Lake County Attorney,
Mitchell Young, Deputy County Attorney,
Polson, Montana


          Submitted on Briefs: November 2, 1995

                  Decided: December 5, 1995

Filed:

                  Clerk

Justice Charles E. Erdmann delivered the opinion of the Court.

Defendant Bethany Lee Long appeals the judgment of the Twentieth Judicial District Court, Lake County, convicting her of three felony counts of criminal sale of dangerous drugs in violation of § 45-g-101, MCA (1991). We affirm in part and reverse in part.

The issues on appeal are as follows:

1. Did the District Court err in refusing Long's proposed jury instruction regarding the credibility of informant testimony?

2. Did the District Court err in sentencing Long without insuring that evidence offered in mitigation was properly made a part of the record?

3. Did the District Court err in reserving its determination of Long's status as a dangerous or nondangerous offender?

FACTS

The Mission Mountain Drug Task Force based in Ronan employed Troy Stevens as an undercover informant. Stevens had previously been charged with criminal possession of marijuana and, as a result of that charge, agreed to act as an informant if the authorities would take the charge off his record. Stevens worked off his fine as a part-time informant and later became a full-time informant for the Mission Mountain Drug Task Force. The task force paid Stevens' rent and paid him for each drug buy.

On April 28, 1993, Stevens met an individual he later identified as Bethany Long at the Club Bar in Ronan. Long told him

2

that she had some "smoke" if he was looking to buy some.  Stevens left the bar and contacted agents of the task force who searched him, attached a body wire, and provided him with money to buy the drugs.  Stevens returned to the bar, met Long, and purchased a quarter-ounce bag of marijuana.  After the drug purchase, Stevens met again with agents of the task force.  On May 7, 1993, Stevens and Long met at the Midnight Market in Ronan, where Stevens purchased marijuana under task force supervision. On June 2, 1993, Stevens called Long at her home to arrange a third marijuana purchase which was made in Long's vehicle later that day.  A task force agent observed and recorded this third and final transaction between Long and Stevens, though the agent only had a profile view of the driver of the car.

The material purchased by Stevens was analyzed by the State Crime Lab and determined to be marijuana.  Long was subsequently charged with three felony counts of criminal sale of dangerous drugs in violation of § 45-9-101(1), MCA (1991). Following a jury trial in January 1995, Long was convicted on all three counts. On March 10, 1995, the District Court sentenced Long to a term of twenty years in the Women's Correctional Facility, with thirteen years suspended.  This appeal follows.

ISSUE 1

Did the District Court err in refusing Long's proposed jury instruction regarding the credibility of informant testimony?

We review jury instructions in criminal cases to determine whether the instructions as a whole fully and fairly instruct the jury on the law applicable to the case. State v. Claric (Mont. 1995), 894 P.2d 946, 949, 52 St. Rep. 377, 378 (citing State v. Brandon (1994), 264 Mont. 231, 237, 870 P.2d 734, 737; State v. Lundblade (1981), 191 Mont. 526, 529-30, 625 P.2d 545, 548).

Long's defense at trial was one of general denial and mistaken identity. Stevens was the only individual who positively identified her as the individual who sold him marijuana and Long argues that the issue of Stevens' credibility is crucial to her case. Long proposed the following jury instruction to the District Court:

> You have heard testimony that Troy Stevens, a witness, has received compensation and favored treatment from the state in connection with this case. You should examine this testimony with greater caution than that of ordinary witnesses. In evaluating this testimony, you should consider the extent to which it may have been influenced by the receipts of compensation and favored treatment from the state.

The District Court refused Long's proposed instruction and instead gave the following general instruction regarding witness credibility:

> You are the sole judges of the credibility, that is the believability, of all the witnesses testifying in this case, and of the weight, that is the importance, to be given their testimony. In judging the effect of evidence you must be fair and impartial and not arbitrary. While you have discretion in judging the effect of evidence, you must exercise that discretion in accordance with these instructions.

4

The evidence presented by one witness whom you believe is sufficient for the proof of any fact in this case.

You are not bound to decide any fact based upon the testimony of a larger number of witnesses whose testimony does not convince you against the testimony of a smaller number of witnesses or against a presumption, or other evidence which does convince you.

In determining what the facts are in the case, it may be necessary for you to determine what weight should be given to the testimony of each witness. To do this you should carefully consider all the testimony given, the circumstances under which each witness has testified, and every matter in evidence which tends to indicate whether a witness is worthy of belief. You may consider:

1. The appearance of each witness on the stand, his manner of testifying, his apparent candor or lack of candor, his apparent fairness or lack of fairness, his apparent intelligence or lack of intelligence, his knowledge and means of knowledge on the subject upon which he testifies.

2. Whether the witness has an interest in the outcome of the case or any motive, bias or prejudice.

3. The extent to which each witness is either supported or contradicted by other evidence in the case.

4. The capacity of the witness to perceive and communicate.

5. Proof that the witness has a bad character for truthfulness.

If you believe that any witness willfully testifies falsely as to any material matter in the case, you must reject such of his testimony as you believe to be false and you have the right to view the rest of his testimony with distrust and in your discretion disregard it, unless, after examination of all the evidence, you find such testimony worthy of belief. You need not find a witness's testimony false if he or she while testifying:

> unintentionally commits an error in his or her testimony, or is unintentionally mistaken as to some matters or facts about which he or she testifies, or gives evidence concerning

5

matters not material in this case without
intention of deceiving the Court or jury.

Long claims that her proposed instruction goes to the essence of her defense and that denial of the instruction violated her substantial rights, constituting reversible error. The State maintains that viewed as a whole the instruction given **was** proper and that Long had the opportunity at trial to present the issue of Stevens' credibility as a paid informant.

District courts are given broad discretion in instructing the jury and while the defendant is entitled to have instructions on her theory of the case, she is not entitled to an instruction concerning every nuance of her argument. State v. Ross (1995), 269 Mont. 347, 358, 889 P.2d 161, 167. If the instructions, as a whole, fully and fairly present the applicable law, they will be deemed to be sufficient. State v. Goodwin (1991) 249 Mont. 1, 13, 813 P.2d 953, 961. To constitute reversible error, the district court's actions must affect substantial rights of the party. State v. Bradley (1995), 269 Mont. 392, 395, 889 P.2d 1167, 1168.

We have stated that the "testimony of informants should be scrutinized closely to determine 'whether it is colored in such a way as to place guilt upon a defendant in furtherance of the witness's own interests.'" State v. Gommenginger (1990), 242 Mont. 265, 273, 790 P.2d 455, 460 (citing Fletcher v. United States (D.C. Cir. 1946), 158 F.2d 321, 322). In Gommenginger, however, the issue was the scope of cross-examination rather than the sufficiency of jury instructions. We determined that limiting

cross-examination of an informant's background could result in the jury viewing the credibility of the informant in a vacuum. We stated that the defendant should be afforded latitude in cross-examining drug informants and should be allowed to introduce evidence regarding informants' drug use relevant to their motive to testify falsely. Gommensinser, 790 P.2d at 461. Our review of the record indicates that Stevens was cross-examined in regard to his background and status as a paid informant which allowed Long to establish a possible motive for unreliable testimony.

We directly addressed the issue of jury instructions related to informant credibility in State v. Webb (1992), 252 Mont. 248, 828 P.2d 1351. Webb proposed two instructions on informant testimony and credibility which were similar to Long's proposed instruction. We affirmed the district court's refusal of Webb's proposed instructions and held that the instructions given by the court accurately reflected the applicable law. Webb, 828 P.2d at 1354. One of the instructions given in Webb did specifically address "paid informants," but our approval of that instruction does not mean that other general instructions would not have sufficed. The instruction given by the District Court in this case adequately addresses witness motive, bias or prejudice, and bad character for truthfulness. Where the proposed instruction is adequately covered by a given instruction, it is not error for the trial court to refuse the proposed instruction. State v. Floyd (1990), 243 Mont. 269, 275, 790 P.2d 475, 479.

We therefore conclude that the jury instructions as a whole accurately reflect the applicable law, and therefore, are sufficient. In refusing the proposed instruction, the District Court did not abuse its discretion or affect Long's substantial rights. We hold that the District Court properly instructed the jury and affirm the lower court on this issue.

ISSUE 2

Did the District Court err in sentencing Long without insuring that evidence offered in mitigation was properly made a part of the record?

Letters on behalf of Long were submitted to the District Court for purposes of mitigation prior to sentencing. The following exchange between defense counsel and the District Court regarding the letters took place at the sentencing hearing.

> DEFENSE COUNSEL: Your Honor, I believe the Court has received some letters from relatives; is that correct?

> THE COURT: Yes, the Court has. And they've been placed in the court file.

The letters were never formally offered into evidence and they do not appear in the record on appeal. Long argues that the District Court "may" not have considered the letters as mitigating evidence since they are not in the record and requests us to remand for a new sentencing hearing. We do not find Long's argument persuasive.

We addressed the issue of pre-sentence information in State v. McPherson (1989), 236 Mont. 484, 771 P.2d 120. In McPherson, we held that "a defendant is entitled to have his sentence predicated

8

on substantially correct information." McPherson, 771 P.2d at 123-24 (citing State v. Baldwin (1981), 192 Mont. 521, 524, 629 P.2d 222, 224; State v. Olsen (1980), 189 Mont. 43, 48, 614 P.2d 1061, 1064; State v. Knapp (1977), 174 Mont. 373, 379, 570 P.2d 1138, 1141).

The defendant has an affirmative duty to present evidence showing inaccuracies in the sentencing information. State v. Trangsrud (1982), 200 Mont. 303, 308, 651 P.2d 37, 40 (citing State v. Radi (1979), 185 Mont. 38, 41, 604 P.2d 318, 320). If Long had wanted to ensure the letters were made part of the record, the defense counsel needed to do more than merely ask the District Court if it had received them. Section 46-18-115, MCA (1991), states that at the sentencing hearing the court shall give the defendant the opportunity to make a statement and "to present any information in mitigation of punishment or reason why the defendant should not be sentenced." Long did not attach the letters to her sentencing memorandum nor did she move their admission into evidence. Since the letters were never offered by Long as evidence there can be no error based on their absence from the record.

Long also argues that the District Court "may" not have considered the letters. In McPherson, we stated that this Court "will not strain at worst-case assumptions in order to find a mistake and we presume the District Court to be correct." McPherson, 771 P.2d at 124 (citing State v. Herrera (1982), 197 Mont. 462, 643 P.2d 588). There is nothing in the record which

9

supports Long's speculation that the letters were not considered and we cannot conclude that her sentence was based on inaccurate or incomplete information. The District Court did not err on this issue.

ISSUE 3

Did the District Court err in reserving its determination of Long's status as a dangerous or nondangerous offender?

The District Court sentenced Long to confinement in the Women's Correctional Facility for a term of ten years with three years suspended on Count I; for a term of five years with all suspended on Count II; and for a term of five years with all suspended on Count III. The imposed sentences ran consecutively for a total sentence of twenty years, with thirteen years suspended. The District Court also reserved the right pursuant to § 46-18-404(4), MCA (1991), to make the determination of whether Long is a dangerous or nondangerous offender at the time of a revocation of the suspended sentence.

The District Court's decision to reserve Long's dangerous/ nondangerous designation is a question of law. We review questions of law to determine if the district court's interpretation is correct. Farmers Plant Aid, Inc. v. Huggans (1994), 266 Mont. 249, 252, 879 P.2d 1173, 1175.

When the District Court sentenced Long, § 46-18-404(4), MCA (1991), provided as follows:

> If an offender is given a probationary sentence that is subsequently revoked, the court may make the

10

> determination of whether the offender is a dangerous or nondangerous offender at the time of the revocation proceeding.

"Probation" is defined in § 46-1-202(21), MCA (1991), as "release by the court without imprisonment of a defendant found guilty of a crime. The release is subject to the supervision of the department of corrections and human services upon direction of the court."

Long contends that the plain language of § 46-18-404(4), MCA (1991), permits the District Court to "reserve" a dangerous/nondangerous determination only when the defendant has been given a probationary sentence and the probationary sentence is later revoked. Since "probation" is defined as "release by the court without imprisonment," and since Long was sent to prison, she argues that the District Court had no authority to reserve the designation for some future point in time.

The State claims Long's interpretation of the statute is unreasonable and argues that the suspended portion of Long's sentence is a probationary period, notwithstanding the fact that the sentence also includes a term of imprisonment. The State maintains that in order to determine the true intent of the Legislature, we must construe § 46-18-404(4), MCA (1991), in conjunction with other statutory provisions to "attain its evident object or purpose." Long maintains there is no reason to go beyond the plain language of the statute but that, nevertheless, legislative history would support her position that the intent of

11

the Legislature was to address "probationary" sentences which do not include a term of imprisonment.

Where the language of a statute is clear and unambiguous, we look no further than to the plain meaning of the statute for its interpretation. Howell v. State (1994), 263 Mont. 275, 284, 868 P.2d 568, 573. It is only when the intent of the Legislature cannot be determined from the language of the statute that this Court will examine legislative history. United States v. Brooks (1995), 270 Mont. 136, 139, 890 P.2d 759, 761. We conclude that the language of § 46-18-404(4), MCA (1991), is clear and unambiguous.

Under § 46-18-404(4), MCA (1991), the district court may reserve making a dangerous/nondangerous determination only if an offender initially has been given a probationary sentence. Under § 46-1-202(21), MCA (1991), a probationary sentence does not include imprisonment. Since Long was sentenced to a term of seven years in the Women's Correctional Facility, she was not given a probationary sentence and § 46-18-404(4), MCA (1991), is inapplicable.

A district court has no power to impose a sentence in the absence of specific statutory authority. State v. Hatfield (1993), 256 Mont. 340, 346, 846 P.2d 1025, 1029. We conclude that the District Court did not have statutory authority to reserve its designation of Long as a dangerous or nondangerous offender and we reverse the District Court on this issue.

12

Pursuant to our holding on this issue, we order stricken from the District Court's March 10, 1995, Judgment and Commitment the language which reserves the right to make a dangerous/nondangerous determination. Furthermore, our review of the record indicates that Long satisfies the criteria of § 46-18-404(1), MCA (1991), necessary to be designated as a nondangerous offender. Therefore, we designate Long as a nondangerous offender for purposes of parole eligibility.

_____
Justice

We concur:

_____

_____

_____

_____
Justices

13

December 5, 1995

CERTIFICATE  OF  SERVICE

I hereby certify that the following certified order was sent by United States mail, prepaid, to the following named:


WILLIAM  F.  HOOKS
State  Appellant  Defender
P.O.  Box  200145
Helena.  MT  59620

Deborah  Kim  Christopher
Lake  County  Attorney
106 4th  Avenue,  East
Polson,  MT  59860

Joseph  P.  Mazurek,  Attorney  General
Cregg  Coughlin,  Assistant  Attorney  General
Justice  Bldg.
Helena,  MT  59620


ED  SMITH
CLERK  OF  THE  SUPREME  COURT
STATE  OF  MONTANA

BY:_____
Deputy