CHIEF JUSTICE TURNAGE,
dissenting:
I join in the foregoing concurring and dissenting opinion of Justice Karla M. Gray.
*377 In addition to the well-reasoned opinion of Justice Gray in dissenting to Issue One, which is clearly supported by the statutes and precedent cited therein, I write to express my further concern about the majority discussion of this issue.
The standard of review for jury instructions is whether the instructions, as a whole, hilly and fairly instruct the jury on the law applicable to the case. State v. Leyba (1996), 276 Mont. 45, 51, 915 P.2d 794, 797. The district court is given broad discretion in instructing the jury. State v. Long (1995), 274 Mont. 228, 234, 907 P.2d 945, 948.
The majority opinion, when reduced to its fundamental holding, states that in this trial for deliberate homicide under § 45-5-102(1), MCA (“[a] person commits the offense of deliberate homicide if: (a) the person purposely or knowingly causes the death of another human being ...”), punishable by not more than 100 years imprisonment in the state prison, the jury must be instructed that if any evidence exists in the record on which it may base a finding of the lesser included offense of simple assault, a misdemeanor under § 45-5-201(1)(a) or (c), MCA (“[a] person commits the offense of assault if he: (a) purposely or knowingly causes bodily injury to another; ... (c) purposely or knowingly makes physical contact of an insulting or provoking nature with any individual...”), punishable by a fine of $500 or six months in the county jail, the jury may then proceed to ignore the evidence of the vicious killing of victim Formo and find Castle guilty of a misdemeanor.
The facts of this case leave no room for instructing the jury that appellant Castle’s participation in taking the life of John Formo warrants consideration of his conduct as only a misdemeanor assault.
Castle participated in the vicious beating of Formo. Formo suffered multiple blunt force injuries all over his head with bruising and swelling of his face, lips, nose, cheeks, forehead, ears, below the jaw, around the eyes, bruises on his neck from being choked with hands or an instrument, skull fractures in several places due to severe blows to the head and a hemorrhage around his brain causing his death.
After Formo had suffered these injuries, Castle and his partner in this crime, Walter Cassell, waited for approximately thirty minutes for their victim to die before they carried him to a garbage dumpster and placed him inside. The pathologist, Dr. Mueller, testified that Formo survived a minimum of one to two hours after being beaten. The jury had sufficient credible evidence to conclude that Formo was still alive when Castle and Cassell hauled him outside and placed him in the dumpster. In doing so, they assured Formo’s death, *378 whereas he may have survived if he had not been subjected to such treatment and had instead received medical care.
Simple assault? Ridiculous. No jury could stretch credulity that far.
An instruction on purse snatching, under these facts, would make as much sense as an instruction on simple assault.
I would hold that the District Court did not abuse its discretion in refusing to instruct the jury on misdemeanor assault, and that the instructions given fully and fairly instructed the jury on the law applicable to the case.