No. 98-318

293 Mont. 472

977 P. 2d 315

IN THE SUPREME COURT OF THE STATE OF MONTANA

1999 MT 58

STATE OF MONTANA,

Plaintiff and Respondent,

v.

WILLIAM JOSEPH ANDERSON,

Defendant and Appellant.

APPEAL FROM: District Court of the Fourteenth Judicial District,

In and for the County of Musselshell,

Honorable Roy C. Rodeghiero, Judge Presiding.

COUNSEL OF RECORD:

For Appellant:

Chris J. Nelson, Attorney at Law, Billings, Montana

For Respondent:

Honorable Joseph P. Mazurek, Attorney General; C. Mark Fowler,

Assistant Attorney General, Helena, Montana

Randal I. Spaulding, County Attorney, Roundup, Montana

Submitted on Briefs: March 11, 1999

Decided: March 23, 1999

Filed:

_____

Clerk

Chief Justice J. A. Turnage delivered the Opinion of the Court.

**¶1. In proceedings before the Fourteenth Judicial District Court, Musselshell County, William Joseph Anderson (hereinafter Anderson) was charged with and pled guilty to acts of incest with his minor daughter. Anderson appeals his sentence on the grounds that the sentencing court improperly relied upon a psychosexual evaluation which included the results of a polygraph test. We reverse and remand.**

## ISSUES

**¶2. 1. Did the District Court err in denying Anderson's motion to have a new psychosexual evaluation performed without the use of a polygraph test?**

**¶3. 2. Did the State breach its plea agreement with Anderson?**

## BACKGROUND

**¶4. In May 1997, Anderson was charged with and pled guilty to a charge of incest in violation of § 45-5-507, MCA. As part of his plea agreement with prosecutors, Anderson was required to and did voluntarily submit to a psychosexual evaluation by Dr. Robert C. Bakko (Dr. Bakko).**

**¶5. As part of his evaluation, Dr. Bakko conducted a polygraph test on Anderson. Dr. Bakko testified before the District Court that he had considered the results of this test in preparing his presentence sexual offender evaluation. The adult probation and**

parole officer who prepared Anderson's presentence investigation testified that she had consulted Anderson's psychosexual evaluation in making her sentencing recommendations. Dr. Bakko's evaluation was also reviewed by the District Court prior to Anderson's sentencing hearing.

¶6. Anderson moved for a continuance of the sentencing hearing so that a new psychosexual evaluation could be performed without the use of a polygraph test. The District Court denied this motion.

¶7. According to the terms of Anderson's plea agreement, the State was not bound by the plea agreement if the results of the evaluation indicated Anderson was a Level 3 sexual offender as defined by § 46-23-509, MCA. A Level 3 offender is one for whom the risk of a repeat sexual offense is high, there is a threat to public safety, and the evaluator believes that the offender is a sexually violent predator. Dr. Bakko testified that although Anderson was sexually violent, he did not meet the profile of a sexual predator. Dr. Bakko nevertheless categorized Anderson as a Level 3 offender in his presentence evaluation.

¶8. Based on Dr. Bakko's assessment of Anderson as a Level 3 offender, the State initially declined to abide by the terms of the plea agreement. However, after further inquiry by the court, the State recommended that Anderson be sentenced according to the plea agreement. The District Court nevertheless disregarded the State's sentencing recommendations in the plea agreement and sentenced Anderson to ten years at the Montana State Prison. Anderson appeals.

## DISCUSSION

¶9. Did the District Court err in denying Anderson's motion to have a new psychosexual evaluation performed without the use of a polygraph test?

¶10. Our standard of review of discretionary trial administration rulings is whether the trial court abused its discretion. *Steer, Inc. v. Department of Revenue* (1990), 245 Mont. 470, 475, 803 P.2d 601, 603-604. The standard of review of a district court's conclusions of law is whether the court's interpretation of the law is correct. *Carbon County v. Union Reserve Coal Co., Inc.* (1995), 271 Mont. 459, 469, 898 P.2d 680, 686.

¶11. Anderson argues that the District Court abused its discretion in not granting his

motion to continue the sentencing hearing so that a new evaluation could be performed without the use of a polygraph test. The State argues that it was not error for the District Court to deny Anderson's motion because the results of Anderson's polygraph test were not introduced as evidence at the hearing, but rather were used only as an interpretative tool during the course of Dr. Bakko's evaluation. In the alternative, the State argues that since Anderson was the party who introduced the psychosexual evaluation into evidence, Anderson cannot now complain of its consideration by the District Court for sentencing purposes.

¶12. We hold that the District Court abused its discretion in denying Anderson's motion for a continuance so that a new evaluation could be performed without the use of a polygraph. Polygraph evidence may not be used in any proceeding in a court of law in Montana. *State v. Staat* (1991), 248 Mont. 291, 293, 811 P.2d 1261, 1262. This prohibition encompasses the use of polygraph results during sentencing. *State v. Hensley* (1991), 250 Mont. 478, 483, 821 P.2d 1029, 1032. This prohibition also encompasses the introduction of polygraph results into evidence via a court-ordered sex offender evaluation. *In re Marriage of Njos* (1995), 270 Mont. 54, 61, 889 P.2d 1192, 1196. In addition to precluding the direct introduction of the results of a polygraph test, it is the law in Montana that any evidence which would otherwise be admissible may be rendered inadmissible where a polygraph is used in the production of or for the purpose of influencing the outcome of such evidence. *See State v. Craig* (1993), 262 Mont. 240, 242-43, 864 P.2d 1240, 1242-43.

¶13. We reject the State's argument that Anderson is precluded from appealing the introduction of the polygraph results via the psychosexual evaluation performed by Dr. Bakko on the grounds that it was Anderson who placed the evaluation into evidence at the sentencing hearing. We do so because the record reveals that the District Court had reviewed the evaluation prior to the hearing, and the presentence investigation also had included reference to the evaluation. The evaluation, therefore, was already in evidence insofar as its contents had been consulted for purposes of sentencing.

¶14. When we held in *State v. Staat* that polygraph results may not be used in <u>any</u> proceeding in a court of law in Montana, it was made clear that this plain, unambiguous statement needed no further explanation. If a finder of fact, judge, hearing officer, evaluator or any other person in a similar position directly or indirectly allows polygraph results to be made a part of the review leading to a

finding or recommendation in a court proceeding, no matter how careful such person may be in not disclosing such fact, the entire review leading to the finding, decision or recommendation is tainted and may not be introduced into evidence.

¶15. Because we find the District Court's error with regard to the denial of Anderson's motion for a new psychosexual evaluation to be a dispositive issue on appeal, we decline to address Anderson's second issue with regard to the breach of the plea agreement.

¶16. We reverse and remand this case to the District Court with the instruction that a new psychosexual evaluation of Anderson be performed without the use of a polygraph test and that a new presentence investigation be prepared in light of the results of the new psychosexual evaluation.

/S/ J. A. TURNAGE

We concur:

/S/ KARLA M. GRAY

/S/ JIM REGNIER

/S/ TERRY N. TRIEWEILER

/S/ JAMES C. NELSON