DA 09-0194

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2009 MT 397

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

JAMES SCOTT MORRISON,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Eighth Judicial District,
In and For the County of Cascade, Cause No. ADC 08-299(d)
Honorable Dirk M. Sandefur, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

            Joslyn Hunt, Chief Appellate Defender; Lisa S. Korchinski, Assistant
Appellate Defender; Helena, Montana

      For Appellee:

            Hon. Steve Bullock, Montana Attorney General; Mardell Ployhar,
Assistant Attorney General; Helena, Montana

            John Parker, Deputy County Attorney; Joel Thompson, Deputy County
Attorney; Great Falls, Montana

Submitted on Briefs:  October 21, 2009

Decided:  November 24, 2009

Filed:

_____
Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1 James Scott Morrison (Morrison) appeals from the sentence imposed by the Eighth Judicial District Court, Cascade County, for his conviction of Partner or Family Member Assault in violation of § 45-5-206(1)(a), MCA, Criminal Mischief in violation of § 45-6-101, MCA, and Disorderly Conduct in violation of § 45-8-101, MCA. He seeks resentencing. We affirm.

¶2 Did the District Court err by denying Morrison's motion to continue his sentencing in order to further review the presentence investigation report (PSI) and challenge its accuracy?

## PROCEDURAL AND FACTUAL BACKGROUND

¶3 In July 2008, the State filed an Information in the Eighth Judicial District Court charging Morrison with Partner or Family Member Assault, a felony and his sixth offense; Aggravated Burglary, a felony; Criminal Mischief, a misdemeanor; and Disorderly Conduct, also a misdemeanor. On the State's motion, the District Court dismissed the Aggravated Burglary charge on November 25, 2008. Morrison later pled guilty to the Disorderly Conduct charge, and on December 9, 2008, a bench trial was held on the remaining charges. The District Court found Morrison guilty of Partner or Family Member Assault, Criminal Mischief, Disorderly Conduct, and ordered preparation of a PSI for sentencing. Two days before the sentencing hearing, Morrison's counsel received the PSI. The following day, concerned that the Circumstances of the Offense section of the PSI recited facts relevant to the dismissed Aggravated Burglary charge and that the

Criminal History section of the PSI was inaccurate, Morrison moved the District Court for a continuance in order to investigate and contest these provisions of the PSI.

¶4 At sentencing, the District Court entertained arguments on Morrison's motion. Morrison argued that the PSI included facts pertaining to the dismissed Aggravated Burglary charge under the Circumstances of the Offense section, and challenged seven, and a possible eighth, conviction of the 28 convictions listed in the criminal history, asserting that these errors could negatively impact Morrison's future parole eligibility. The District Court struck the Circumstances of the Offense section, stating it would not rely on that information for sentencing, and denied the motion to continue. Further, the court offered Morrison the opportunity to question the PSI's author about preparation of the Criminal History section, and indicated that if the author's testimony gave reason to believe that section contained an error, the court would consider a motion to continue the sentencing. Morrison declined this offer, electing to proceed with sentencing. Morrison was sentenced to a seventeen year term for Partner or Family Member Assault and concurrent six month and ten day terms for Criminal Mischief and Disorderly Conduct, respectively. Morrison appeals.

**STANDARD OF REVIEW**

¶5 A district court's ruling on a motion to continue is subject to the district court's discretion, and this Court reviews the ruling to determine whether the district court abused its discretion. *State v. Anderson*, 1999 MT 58, ¶ 10, 293 Mont. 472, 977 P.2d 315.

3

# DISCUSSION

**¶6    *Did the District Court err by denying Morrison's motion to continue sentencing in order to further review the PSI and challenge its accuracy?***

¶7    Noting that constitutional due process rights protect a defendant from being sentenced based upon misinformation, Morrison argues that his rights were violated when his motion to continue sentencing was denied. He contends that the Criminal History section of the PSI is potentially inaccurate and that the Circumstances of the Offense section does not "represent what occurred at trial as the information in that section related to facts for the aggravated burglary charge which the State moved to dismiss for a lack of evidence." He further maintains that because the parole board is required to consider all available and pertinent information about his offenses, the board may wrongfully rely on this information when considering a future parole request.[1] Morrison asks that the denial of his continuance request be reversed and this matter remanded for resentencing.

¶8    The State counters that the District Court did not abuse its discretion when it refused to continue sentencing "because the court addressed Morrison's objections to the PSI by striking the disputed language from the PSI and sentencing Morrison based on information that was not disputed." The State further contends that Morrison waived his right to object to any inaccuracies in the Criminal History section of the PSI because he

---

[1] A copy of the PSI must be provided to the agency or institution where a defendant is to be committed. Section 46-18-113(1), MCA. A parole hearing panel must consider "all available and pertinent information regarding the prisoner, including: (1) the circumstances of the offense; (2) the prisoner's previous social history and criminal record . . . ." Section 46-23-202, MCA.

chose to proceed with sentencing rather than accept the court's offer to cross-examine the author of the PSI about the Criminal History.

¶9 Taking up his argument about the Circumstance of the Offense section of the PSI, Morrison has not pointed to specific language pertaining solely to the dismissed Aggravated Burglary charge, and we are thus left to surmise as to what language he is referring. Both parties appear to take for granted that the PSI contains facts related to the dismissed Aggravated Burglary charge which were not proven at trial. However, while it is true that the Circumstances of the Offense section of the PSI was taken verbatim from the Affidavit, Motion, and Order for leave to file the Information, we discern no facts referenced in this PSI section which pertain solely to the dismissed Aggravated Burglary charge or which were not introduced during the trial on the other charges. The statement that Morrison was "pounding on the door . . . and punch[ing] out two 8"x10" window panes . . ." in an effort to enter the residence would certainly relate to the Aggravated Burglary charge, but would likewise be relevant to the Criminal Mischief and Disorderly Conduct charges of which Morrison was convicted. We see no reason why this language is inappropriate or impermissibly burdens Morrison's constitutional rights. In any event, the District Court struck the section, did not consider it in sentencing Morrison, and did not abuse its discretion in denying the motion for continuance on this ground.

¶10 Morrison also argues that the Criminal History section of the PSI was inaccurate because it included up to eight offenses of which he was not convicted or did not recognize. He maintains that the District Court's failure to grant his motion for a

continuance to research the validity of this information was error, and again points to the potential impact upon a future parole hearing. However, the District Court offered Morrison the opportunity to question the PSI's author about the questioned offenses and indicated that it would consider a continuance if a problem was revealed. Morrison declined this offer, and thus waived his objection to proceeding to sentencing. As for the potential of being sentenced upon misinformation, the District Court stated it would not consider the questioned offenses, but would be relying on the fact that Morrison's conviction for Partner or Family Member Assault was "his sixth conviction for that offense." We thus conclude there was no abuse of discretion.

¶11 Affirmed.

/S/ JIM RICE

We concur:

/S/ JAMES C. NELSON
/S/ W. WILLIAM LEAPHART
/S/ PATRICIA O. COTTER
/S/ BRIAN MORRIS